## INTERNATIONAL AND GREAT NORTHERN R'Y v. SUSAN A. SMITH.

### IN SUPREME COURT, TYLER TERM, 1884.

*Adjournment of Court.—Order made after.*— After final adjournment the judge has no authority to open court to allow a new motion in a cause to be made and acted upon.

*Statement of facts.*—A statement of facts filed after adjournment cannot be considered unless an order is entered in term for that purpose.—An order entered for such purpose by the judge after adjournment is without authority.

Appeal from Smith county.

On motion. The appellee moves to strike out the statement of facts found in the transcript, because it was filed after the adjournment of the court for the term at which the cause was tried, and no order allowing this to be done has been entered during the term.

It seems that a formal order adjourning the court for the term had been entered up, the minutes had been signed, and the judge of the court had gone to his home in the adjoining county, when, upon application of appellant's counsel, he returned, allowed a motion for leave to prepare a statement of facts within ten days after the adjournment of court to be filed, and granted an order in accordance with the motion.

The district judge has full power over the minutes of his court during the term, and in exceptional cases pointed out in the statute, may, in vacation, amend orders made in term time; but we know of no authority for his reopening court after its final adjournment, and resuming the business of the term as if it had never been closed. Much less has he the power to open court—as was done in this ins-

tance—to allow a new motion in a cause to be made and acted on.

It is true that the statute allows the district court of Smith county to remain open until the business of the term is disposed of, but the judge of the court must determine for himself when this point has been reached, and when he has so determined and adjourned the court, his decision cannot be reversed and set aside by himself in vacation. For aught that appears in the record, the entire business of the court had been disposed of when the adjourning order was made and the minutes signed. It does affirmatively appear that the matter for which the court was reconvened was one that was not pending at the time of the adjournment. No application had been made for leave to make up and file the statement of facts·after adjournment. The court was therefore reopened, after the business of the term had been concluded, for the purpose of having new matter presented to it, which, through inadvertence, had not even been filed in court before adjournment. This was not only unwarranted by law, but would work inconvenience and hardship in many cases to parties interested in the business of the court. It would sometimes seriously affect other cases determined during the term. For instance, appeal bonds filed more than twenty days after adjournment, and statement of facts made up after adjournment without previous leave granted, would be validated. Numerous other illegalities might be cured by the exercise of such power, which it will not be necessary to mention, as they readily occur to any one. The motion must prevail and the statement of facts be stricken from the record.

Motion sustained.                                        Willie, C. J.